IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| OWEN FOSKEY SPIVEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 316-078 |
| | ) | |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security Administration, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Owen Foskey Spivey appeals the decision of the Acting Commissioner of Social Security denying his application for Disability Insurance Benefits ("DIB") under the Social Security Act. Upon consideration of the briefs submitted by both parties, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS** pursuant to sentence six of 42 U.S.C. § 405(g), the Commissioner's final decision be **REVERSED** and the case be **REMANDED** to the Commissioner for further consideration in accordance with this opinion.

**I.     BACKGROUND**

Plaintiff applied for DIB in July of 2013, alleging a disability onset date of January 1, 2013. Tr. ("R."), pp. 187-89. Plaintiff's last insured date for purposes of the DIB application is December 31, 2017. R. 187. Plaintiff was fifty-two years old on his alleged disability onset date. Plaintiff applied for benefits based on allegations of chronic obstructive pulmonary

disorder ("COPD"), heart condition, anxiety, depression, and illiteracy.  R. 191.  Plaintiff has an eighth grade education, and, prior to his alleged disability, Plaintiff had accrued relevant work history performing paint and body work for a construction company.  R. 192.

The Social Security Administration denied Plaintiff's applications initially, R. 67, and on reconsideration, R. 84.  Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), R. 96, and the ALJ held a hearing on May 19, 2015.  R. 28-51.  At the hearing, the ALJ heard testimony from Plaintiff, who was represented by counsel, as well as from Ken Bennett, a Vocational Expert ("VE").  Id.  On June 19, 2015, the ALJ issued an unfavorable decision.  R. 8-25.

> Applying the sequential process required by 20 C.F.R. § 404.1520, the ALJ found:
>
> 1. The claimant has not engaged in substantial gainful activity since January 1, 2013, the alleged onset date (20 C.F.R. §§ 404.1571 *et seq.*).
>
> 2. The claimant has the following severe impairments: malingering, learning disorder, COPD, and alcohol abuse (20 C.F.R. § 404.1520(c)).
>
> 3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526).
>
> 4. The claimant has the RFC to perform medium work as defined in 20 C.F.R. § 404.1567(c) with frequent climbing of stairs.[1]  He can frequently balance, stoop, kneel, crouch, and crawl.  He can occasionally climb ladders.  He can have occasional exposure to pulmonary irritants.  He is limited to performing simple routine tasks.  He can have occasional interaction with co-workers but should never work with the public.  Thus, the claimant is capable of performing past relevant work (20 C.F.R. § 404.1565).

R. 13-21.

---

[1]"Medium work" is defined as:

lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds.  If someone can do medium work, we determine that he or she can also do sedentary and light work.  20 C.F.R. § 404.1567(c).

2

When the Appeals Council ("AC") denied Plaintiff's request for review, R. 1-3, the Commissioner's decision became "final" for the purpose of judicial review. 42 U.S.C. § 405(g). Plaintiff then filed this civil action requesting reversal or remand of that adverse decision.

Plaintiff argues the ALJ (1) erroneously found Plaintiff's full scale IQ score of 51 did not meet Listing 12.05B; and (2) failed to state the amount of weight given to Dr. Marvin L. Long. See doc. no. 8 ("Pl.'s Br.") & doc. no. 12 ("Pl.'s Reply"). Plaintiff also argues for remand in order for the ALJ to consider a 2017 psychological evaluation by Dr. John C. Whitley. Pl.'s Reply, pp. 4-6. The Commissioner maintains the decision to deny Plaintiff benefits is supported by substantial evidence and should therefore be affirmed. See doc. no. 11 ("Comm'r's Br."). As explained below, reversal and remand is appropriate under sentence six of 42 U.S.C. § 405(g) because the 2017 evaluation by Dr. Whitley is new, material evidence and Plaintiff has shown good cause for its recent submission.

## II.   DISCUSSION

Georgia Disability Adjudication Services (GDAS) referred Plaintiff to Dr. Whitley for a psychological evaluation after Plaintiff applied for Georgia disability benefits. Pl.'s Reply, p.4. Dr. Whitley administered a Wechsler Adult Intelligence Scale exam, and Plaintiff produced a full scale IQ score of 53. (Doc. no. 12-2, p. 5.) Dr. Whitley stated Plaintiff was cooperative and determined the results are "congruent with previous evaluations" and "a valid estimation of [Plaintiff's] abilities and functioning." (Id.) In making his determination, Dr. Whitley considered Dr. Long's April 2015 psychological evaluation. (Id. at 2.) Dr. Whitley also outlined Plaintiff's personal and medical history, activities of daily living, and "mental status and behavioral observations." (Id. at 2-5.) Dr. Whitley diagnosed Plaintiff with intellectual

developmental disorder, mild range.  (Id. at 6.)  Plaintiff did not receive Dr. Whitley's report until after the GDAS decision was issued on April 28, 2017.  Pl.'s Reply, p. 5.

Sentence six of § 405(g) authorizes the Court "to remand a case: 'upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding.'"  Jackson v. Chater, 99 F.3d 1086, 1092 (11th Cir. 1996) (quoting 42 U.S.C. § 405(g)); see also Reynolds v. Comm'r of Social Sec., 457 F. App'x 850, 853 (11th Cir. 2012) ("The sixth sentence of 42 U.S.C. § 405(g) provides that a reviewing court may remand a Social Security case to the agency for consideration of new evidence that previously was unavailable.").  In order to demonstrate that remand is appropriate, a claimant must show:  "(1) there is new, noncumulative evidence; (2) the evidence is 'material,' that is, relevant and probative so there is a reasonable possibility that it would change the administrative result; and (3) there is good cause for the failure to submit the evidence at the administrative level."  Enix v. Comm'r of Soc. Sec., 461 F. App'x 861, 865 (11th Cir. 2012) (citing Caulder v. Bowen, 791 F.2d 872, 877 (11th Cir. 1986)).  Applying these factors here, remand is warranted.

First, Dr. Whitley's report is new and noncumulative.  While other examining physicians performed psychological tests on Plaintiff, the ALJ's decision turned, in large part, on his weighing of three full-scale IQ scores: one of 68 from a May 1975 exam, a second of 61 from 2013, and a third of 51 from September 2015.  R. 17-19, 592, 519, 583.  However, when the ALJ considered Plaintiff's 2015 full-scale IQ score of 51, he found the score was not reliable because Plaintiff did not also undergo a test of memory malingering (TOMM) to determine his "true performance" on the psychological evaluation. R. 19.  Dr. Whitley's report states the test results were "felt to be a valid estimation of [Plaintiff's] abilities" and stated Plaintiff was "cooperative"

4

during testing.  (Doc. no. 12-2, p. 5.)  Thus, Dr. Whitley's report is not cumulative because it contains both a low full-scale IQ score and an explicit assessment of the validity of Plaintiff's performance.

Second, in order to be material, new evidence must relate to the period on or before the date of the ALJ's decision.  See Enix, 461 F. App'x at 863 (citing Wilson v. Apfel, 179 F.3d 1276, 1279 (11th Cir. 1999) (providing that, in order to be probative of whether the person was disabled during the period under review, evidence must relate to that period)); see also Lipscomb v. Comm'r of Soc. Sec., F. App'x 903, 907 (11th Cir. 2006) (questionnaire related to period under consideration by ALJ because answers based on treatment records from relevant period).

Dr. Whitley's report is material because (1) there is a reasonable possibility it could change the administrative results and (2) it relates to Plaintiff's condition as it existed before the ALJ's decision.  Plaintiff argues the ALJ improperly discounted Plaintiff's 2015 IQ scores, which he claims meet Listing 12.05B.  Pl.'s Br., pp. 12-17.  Because the 2017 score is consistent with the 2015 score, there is a "reasonable possibility" the ALJ could find the 2015 score more convincing on remand, and, as a result, find Plaintiff has satisfied the 12.05B criteria. Additionally, Dr. Whitley's report relates to Plaintiff's condition as it existed at the time of the ALJ's decision.  In the Eleventh Circuit, there is a "rebuttable presumption that IQ score represents a claimant's lifelong intellectual capacity," absent evidence of a sudden trauma. Garrett v. Astrue, 244 Fed. App'x 937, 938 (11th Cir. 2007) (citing Hodges v. Barnhart, 276 F.3d 1265 (11th Cir. 2001)).  Thus, Dr. Whitley's report presumably reflects Plaintiff's intellectual capacity prior to the ALJ's decision of June 2015.  Additionally, Dr. Whitley considered Plaintiff's history of dealing with his condition for the past thirty years in developing his opinion.  (Doc. no. 12-2, pp. 2-4.)

Finally, Plaintiff has shown good cause for failure to submit the evidence at the administrative level; namely, the evaluation took place over five months after the AC denied Plaintiff's request for review. R. 1-3. The good cause requirement is satisfied where the evidence did not exist at the time of administrative proceedings. Lipscomb v. Comm'r of Soc. Sec., 199 F. App'x 903, 907 (11th Cir. 2006) (citing Cherry v. Heckler, 760 F.2d 1186, 1192 (11th Cir. 1985)).

Accordingly, Plaintiff is entitled to a remand pursuant to sentence six of 42 U.S.C § 405(g) based on new evidence. Because the Court recommends remand based on new evidence, the Court need not reach Plaintiff's remaining contentions. Of course, should the District Judge accept this recommendation, on remand, Plaintiff's claims must be evaluated in accordance with the five-step sequential evaluation process and in compliance with the applicable regulations and case law in all respects.

## IV. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** pursuant to sentence six of 42 U.S.C. § 405(g), the Commissioner's final decision be **REVERSED** and the case be **REMANDED** to the Commissioner for further consideration in accordance with this opinion.

SO REPORTED and RECOMMENDED this 17th day of January, 2018, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA